******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# IN RE CHRISTIAN G.
## (AC 47902)

Bright, C. J., and Alvord and Moll, Js.

*Syllabus*

The petitioner appealed to the Superior Court from the orders of the Probate Court denying his petitions for the voluntary appointment of a guardian and for the designation of a minor child as having special immigrant juvenile status. The trial court rendered judgment denying the petitions, from which the petitioner appealed to this court. *Held* that the petitioner could not prevail on his claim that the trial court made clearly erroneous findings of fact and misapplied the law, this court having concluded that the trial court's findings were not clearly erroneous and that its decision was correct in law.

Considered August 22—officially released August 22, 2024*

*Procedural History*

Appeal from the decision of the Probate Court for the district of Bridgeport denying the petitioner's petitions for the voluntary appointment of a guardian and for the designation of a minor child as having special immigrant juvenile status, brought to the Superior Court in the judicial district of Bridgeport, Juvenile Matters, and tried to the court, *Skyers, J.*; judgment denying the petitions, from which the petitioner appealed to this court. *Affirmed.*

*Virginia M. Gillette* and *Trent A. LaLima* submitted a brief for the appellant (petitioner).

*Opinion*

PER CURIAM. The petitioner, Christian G., appealed to the Superior Court challenging the orders of the Probate Court denying his petitions for the voluntary appointment of a guardian and for the designation of a minor child as having special immigrant juvenile status.

---

* August 22, 2024, the date that this decision was released as an order of this court on a motion for summary disposition, is the operative date for all substantive and procedural purposes.

See General Statutes §§ 45a-608n and 45a-610. Following a trial de novo, the Superior Court denied the petitions, and this appeal followed. We affirm the judgment of the Superior Court.

The petitioner filed his appeal to this court on August 12, 2024. He represented that his twenty-first birthday is August 26, 2024, and that his ability to apply for a petition to the United States Citizenship and Immigration Services for the designation of a minor child as having special immigrant juvenile status under 8 U.S.C. § 1101 (a) (27) (J) (2018) would be foreclosed after that date. See 8 C.F.R. § 204.11 (b) (1) (2023).

This court granted the petitioner's motion for an expedited appeal, and he filed his brief and appendix on August 19, 2024. We granted his request for summary disposition without oral argument.

On appeal to this court, the petitioner claims that the court made clearly erroneous findings of fact and misapplied the law. After carefully reviewing the petitioner's brief and appendix, and the record, including the trial court file and the transcripts of the trial proceedings, we conclude that the findings of the court are not clearly erroneous and that its decision is correct in law. See, e.g., *Haydusky's Appeal from Probate*, 201 Conn. App. 746, 747, 242 A.3d 531 (2020), cert. denied, 336 Conn. 915, 245 A.3d 424 (2021).

The judgment is affirmed.